So, I'm here asking for a remand down to the District Court in the Eastern District of New York. Basically, the facts are that in April of 2013, I was in a program called the New York City Teaching Village Program, which is to educate and prepare teachers to become public school teachers. I completed about two months of pre-program activities in the spring of 2013. Academic stuff, course modules that we had to complete. And I was preparing for the summer where we would continue our graduate studies and our preparation. But on the first day of the program, the defendant, Amy Way, she removed me by email letter. That was June 18th. I'm here because I think the reason I was removed was that I was ungrateful and that I was negative. And I pointed out the dishonesty of what administrators were telling us to do, but that they were preventing us from doing those things in the program, preventing us from helping the neediest students and from continuing the work that I did with my debate students, with all of my students. So, I wanted to address two things while I was speaking. The first is the causality argument that came up. Judge Hunt's memorandums said that I didn't allege facts that would allow her to get to causality. And the case that I relied upon in my reply brief, which was the Lauren case that opposing counsel brought up in her brief, talks about that there is a way to get to causality with temporal proximity and the reaction of the defendant here, Amy Way, and not being ambivalent about what I said. And lastly, apologies, that it be something that's a screed against the Teaching Fellows Program or the Department of Education. And all of those things, as I wrote, qualified here. It was within 48 hours of my last writing that I was removed, and she was not thoroughly ambivalent about the writing. As you can see from the first paragraph of her removal letter, she talks about how she thought I was behaving unprofessionally, that I had unprofessional conduct, even though it goes completely unresponded that I didn't have any examples of conduct. And this actually isn't the first time that conduct and speech get confused. There's a case called Papish v. The University of Missouri that talks about how conduct rules get imposed onto speech, and on that basis the plaintiff in that case got remand. But the comments you put on Facebook only related to yourself. They were not a matter, as we say, of public interest. Isn't that correct? Yes. And that public concern test is for employees. And as I argued, I was a student at the time that I was removed because of the fact that I was doing all these academic activities and I was in a master's degree program. If you look at Rankin v. McPherson, which was a Supreme Court case, and if you look at Umbera v. Board of County Commissioners, which was also a Supreme Court case, they say that what you do on a day-to-day activity sets the First Amendment standard. So I don't think that I should have the employee standard used for me because the day-to-day activities were academic. I was a student in a school trying to learn a profession. And so that's one of the basis for why I'd like a remand, to just be considered a student until such time as I became an employee by actually doing day-to-day activities of a teacher, which was not when I was removed. I think we have your argument. You've reserved three minutes for rebuttal. Now we will hear from the New York City Department of Education. May it please the Court. Good morning, Your Honors. My name is Megan Montcalm, and I represent the Appalachians. I'd like to start by pointing to the email that Amy Way sent removing Ms. Odermatt from this program. It's Exhibit D to the complaint. And what it says here is, you have failed to meet our requirements because you are no longer in good standing with the Relay Graduate School of Education. It was clear from the materials that Ms. Odermatt had been provided, including the fellow commitment form, that she had to remain in good standing with her partnering educational institute. Here it was the Relay Graduate School of Education. And she failed to do so. And that was the basis for her removal from the fellowship program. She couldn't continue in the fellowship if she were not also enrolled in pursuing her master's studies. Why was she no longer in good standing? Well, Your Honor, that's not apparent from the record. That was to be determined by the Relay Graduate School of Education. So they made a determination based on her application materials or whatever their criteria were for her admission to the program. And that determination was up to them. And the fellow commitment form made clear that the graduate school would make its own determinations about admission and about good standing. You know, she's claiming viewpoint discrimination. And we don't even know what she said and why Relay took it so badly. Well, that's absolutely correct, Your Honor. We don't know what she said. We don't know what speech is actually at issue here. And as for the claim of viewpoint discrimination, the only defendants remaining here are Isaac Orlansky and Amy Way. There's no allegation that either of them ever deleted or exercised control over Ms. Odermatt's speech that she made in any online forum. So to the claim about viewpoint discrimination, there's absolutely no allegations in the complaint that would support that. And I would like to emphasize that particularly with respect to Mr. Orlansky, there's no allegation that he had any involvement whatsoever in Ms. Odermatt's removal from the program. All we know from the complaint is that after she was removed from the program, she had one phone conversation with him. We don't know exactly what happened in that conversation. And again, as to Ms. Way, there's no allegation that she was motivated by Ms. Odermatt's speech when she communicated that Ms. Odermatt was removed because she was no longer in good standing with Relay. Turning briefly to the other claims with respect to equal protection, that claim is based on the alleged First Amendment violation, and as a result, it rises and falls with that First Amendment claim. They coalesce. And because there's no plausible allegation of a First Amendment violation, there's also no equal protection violation here. With respect to procedural due process, there are no allegations that support a constitutionally protected property interest. This was an at-will relationship, and therefore the only available process that she might have pursued was an Article 78 proceeding, but she was entitled to no more than that. And finally, with respect to Section 1985, the alleged conspiracy, there are no plausible allegations to suggest that two people conspired, and furthermore, there's no allegation of any kind of invidious discriminatory animus based on race or similar classification. And the district court, sua sponte, undertook an analysis of whether to grant leave to replete and determined that it would be futile here because of substantive defects. We'd ask this court to affirm that determination and to affirm the judgment of dismissal. Thank you. Ms. Zollermayer, you have reserved three minutes for rebuttal. Okay. So in response, the first thing I would note is that the reason that I was removed, that Ms. Way stated in her removal letter, based on relay, was in addition to her first reason for removal, which had to do with the unprofessional conduct. So if you actually read through the removal letter, she posited two reasons, one of which is hers. The second is to Amy Way's ability to be motivated by the speech. As I explained in my paperwork, relay did not receive the email that I sent 48 hours before removal. They theoretically should have had no access to the Facebook group, although it was more open than it stated. So the people who actually had access to it were the people who had access to the fellows at schools.nyc.gov email address. And as I proved with one of my other attachments, Ms. Way was one of those people. So I would say she's definitely more plausibly related than relay, who may or may not have been an audience to any of the speech at all. And then as to the 1985 subsection 3, there is a comment within Scott v. Carpenter's, which is one of the cases' defendant's site, that talks about the fact that you can have a First Amendment claim under 1985 subsection 3 if there's a connection to the State or involvement of the State, which here Ms. Way is that connection, and her removal letter is that connection. So you could have a situation where she was the connection between relay and us, because that was where we were placed, because that was who would have forwarded the speech or who had access to the speech at all. And so I do think there is a scenario under which that is an acceptable scenario for remand. Other than that, students are supposed to be free to criticize the government. They're supposed to be free to criticize their faculty and the decisions that they made in placing us and in what their goals were and why they weren't meeting them. So I would like the court to remand back to the district court for those student claims to be reconsidered, for causality to be reconsidered, and also the fact that this decision was made autonomously, at least as to the first component of the removal letter. If there aren't any questions, I think that was all of my points. No questions? Thank you very much. Thank you both.